IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRANDON ROBINSON,<br>   *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 5:23-cv-00110-XR |
| DEPUTY SMITH,<br>   *Defendant.* | §<br>§<br>§ | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Brandon Robinson, complaining of Deputy Smith, and for causes of action will respectfully show unto the Court as follows:

**SUMMARY**

On November 3, 2022, Deputy Smith with the Bexar County Sheriff Department using his department issued vehicle, intentionally struck Plaintiff Brandon Robinson twice while he was fleeing on a motorcycle but was not presenting a threat to any officer or person at the time. Mr. Robinson suffered severe injuries including three fractured ribs, a bruised lung, a dislocated shoulder, a fractured left foot, and three protruding discs in his left spine. Mr. Robinson now files this lawsuit against Defendant Smith for violating his constitutional rights under the Fourth Amendment to the United States Constitution to be free from excessive deadly force.

**I.
PARTIES**

1.  Plaintiff Brandon Robinson is a resident of Bexar County, Texas currently confined at the Bexar County Adult Detention Center located at 200 N. Comal Street, San Antonio, Texas, 78207.

2. Defendant Smith is an individual residing in Bexar County, Texas and is a deputy with the Bexar County Sheriff's Department and may be served at his place of employment at the Bexar County Sheriff's Department located at 200 N Comal, San Antonio, Texas, 78207, or wherever he may be found. Defendant Smith is being sued in his individual capacity.

## II.
## JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

4. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because the Defendant resides in the Western District of Texas and the cause of action accrued in the Western District of Texas.

## III.
## FACTS AND ALLEGATIONS

5. On November 3, 2022, Plaintiff Brandon Robinson had his constitutional rights violated when Defendant Deputy Smith of the Bexar County Sheriff's Department used excessive deadly force against him when Defendant Smith intentionally struck Robinson twice with his department issued vehicle as Mr. Robinson fled on his motorcycle.

6. When Defendant Smith intentionally struck Mr. Robinson with his department issued vehicle, Defendant Smith was acting under color of law, as he was on duty as a deputy with the Bexar County Sheriff's Department, driving his department issued vehicle, in full uniform, who detained Mr. Robinson by striking him with his department issued vehicle, and then arrested him by placing him in handcuffs.

## The Pursuit

7. Mr. Robinson was driving a motorcycle going southbound when he came to a stop at a red light at the intersection of West Martin and Zarzamora Street in the city of San Antonio, Texas.

8. Defendant Smith was working on duty as a deputy for the Bexar County Sheriff's Department.

9. Defendant Smith completed a U-turn in the intersection and pulled his department issued vehicle, a Chevy Tahoe, next to Mr. Robinson.

10. Defendant Smith rolled down his window and said, "you're not going to take off are you."

11. Mr. Robinson said, "No why?"

12. Defendant Smith told Mr. Robinson to pull over in a parking lot.

13. However, instead of pulling over, when the traffic light turned green, Mr. Robinson accelerated and drove away from Defendant Smith heading south on Zarzamora Street.

14. Defendant Smith proceeded to get behind Mr. Robinson and began to follow him.

15. During the pursuit, Mr. Robinson did not pass any pedestrians.

16. During the pursuit, although Mr. Robinson drove at speeds in excess of posted speed limits, he slowed down when he approached other vehicles on the roadway.

17. During the pursuit, Mr. Robinson did not force any cars off the roadway or out of their lanes of travel.

18. The pursuit continued underneath the underpass I-90 and Zarzamora on Zarzamora and Darby Street.

**<u>Defendant Smith intentionally Struck Mr. Robinson twice while Mr. Robinson was not posing a threat.</u>**

19. Mr. Robinson slowed down to do a U-turn on Zarzamora and Darby Street.

20. Defendant Smith accelerated and hit Mr. Robinson's motorcycle on the right side.

21. Mr. Robinson put his foot down to stop his bike from toppling over.

22. When Defendant Smith intentionally struck Mr. Robinson with his department issued vehicle, Robinson was not holding a weapon as he did not have anything in either of his hands and he did not display a weapon.

23. When Defendant Smith intentionally struck Mr. Robinson with his department issued vehicle, Robinson had not threatened Defendant Smith or any other person as Robinson fled in the opposite direction of Defendant Smith during the entire pursuit.

24. When Defendant Smith struck Mr. Robinson with his department issued vehicle, Robinson, Robinson was not suspected of committing a violent or assaultive crime.

25. During the pursuit, Mr. Robinson did not pass any pedestrians.

26. During the pursuit, although Mr. Robinson drove at speeds in excess of posted speed limits, he slowed down when he approached other vehicles on the roadway.

27. During the pursuit, Mr. Robinson did not force any cars off the roadway or out of their lanes of travel.

28. The pursuit continued with Mr. Robinson getting on I-35.

29. Mr. Robinson exited on the access road near Fischer Road.

30. Defendant Smith accelerated and hit Mr. Robinson from behind.

31. Mr. Robinson flew off his motorcycle.

32. When Defendant Smith intentionally struck Mr. Robinson with his department issued vehicle, Robinson had not threatened Defendant Smith or any other person as Robinson fled in the opposite direction of Defendant Smith during the entire pursuit.

33. When Defendant Smith struck Mr. Robinson with his department issued vehicle, Robinson, Robinson was not suspected of committing a violent or assaultive crime.

34. During the pursuit, Mr. Robinson did not pass any pedestrians.

35. During the pursuit, although Mr. Robinson drove at speeds in excess of posted speed limits, he slowed down when he approached other vehicles on the roadway.

36. During the pursuit, Mr. Robinson did not force any cars off the roadway or out of their lanes of travel.

37. Defendant Smith ran over Mr. Robinson's motorcycle.

38. Defendant Smith yelled that he was going to shoot Mr. Robinson.

39. Mr. Robinson got down on the ground.

40. Defendant Smith put Mr. Robinson in handcuffs.

41. Defendant Smith hit him with a flashlight.

42. Mr. Robinson told Defendant Smith he couldn't breathe and asked for medical attention.

43. EMS responded to the scene and took Mr. Robinson to University Hospital where Robinson spent three days receiving medical treatment.

## Mr. Robinson's Severe Injuries

44. Defendant Smith caused severe injuries including three fractured ribs, a bruised lung, a dislocated shoulder, a fractured left foot, and three protruding discs in his left spine when

Defendant Smith intentionally hit Mr. Robinson's motorcycle with his department issued Chevy Tahoe.

45. Mr. Robinson was admitted to University Hospital for three days following Defendant Smith's unnecessary use of deadly force.

46. These injuries were directly and proximately caused by Defendant Smith intentionally striking Mr. Robinson with his department issued Chevy Tahoe and were not caused by any other means.

### Deadly Force was Not Warranted or Justified

47. Defendant Smith used deadly force against Mr. Robinson when he intentionally struck Mr. Robinson with his department issued vehicle as this created a substantial risk of death or serious bodily injury and did in fact cause serious bodily injury to Mr. Robinson.

48. When Defendant Smith intentionally struck Mr. Robinson with his department issued vehicle, Mr. Robinson did not display a weapon.

49. When Defendant Smith intentionally struck Mr. Robinson, Robinson had not threatened Defendant Smith or any other person.

50. When Defendant Smith intentionally struck Mr. Robinson, Mr. Robinson was not suspected of committing a violent or assaultive crime.

51. While the use of some force was justified in detaining Mr. Robinson, the use of deadly force was not justified at the time that Defendant Smith struck Mr. Robinson with his department issued vehicle.

52. Defendant Smith was not aware of any facts which justified the use of deadly force against Mr. Robinson when his department issued Chevy Tahoe struck Mr. Robinson while Robinson was on his motorcycle.

## IV.
## CAUSES OF ACTION

### Count One

### Excessive Use of Deadly Force
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983
### Against Defendant Smith

53. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

54. Acting under the color of law, Defendant Smith deprived Mr. Robinson of the rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures by the use of excessive deadly force.

55. Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983.

56. The amount of force used by Defendant Smith against Mr. Robinson as described above, specifically but not limited to, when Defendant Smith used deadly force by intentionally striking Mr. Robinson twice, who was on a motorcycle, with his department issued vehicle at a high rate of speed as Mr. Robinson was not suspected of a violent crime, and was not presenting an immediate risk or threatening any officer or other person, was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain, suffering, and permanent physical disfigurement upon Mr. Robinson.

57. A seizure is unreasonable if it results in (a) an injury, (b) that resulted directly and only from a use of force that was clearly excessive, and (c) the excessiveness was clearly unreasonable.

58. Mr. Smith had to spend three days in the hospital as a result of Defendant Smith's unnecessary use of deadly force.

59. These injuries were directly and proximately caused by Defendant Smith intentionally striking Mr. Robinson with his department issued vehicle and were not caused by any other means.

60. Although officers may need to use "physical force ... to effectuate [a] suspect's compliance" when he refuses to comply with commands during a traffic stop, the officers still must assess "the relationship between the need and the amount of force used." *Newman v. Guedry*, 703 F.3d 757, 763 (5th Cir. 2012); quoting *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009).

61. The Fifth Circuit defines deadly force as force that "creates a substantial risk of death or serious bodily injury." *Aguirre v. City of San Antonio*, 995 F.3d 395, 413 (5th Cir. 2021); *see Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014).

62. Defendant Smith used deadly force against Mr. Robinson when he struck him with his department issued vehicle creating substantial risk of death or serious bodily injury and did in fact cause serious bodily injury.

63. As the Fifth Circuit has stated, "claims that law enforcement unreasonably employed *deadly* force—the ultimate intrusion—are treated as 'a subset of excessive force' claims. *Aguirre*, 995 F.3d at 407; quoting *Bazan ex rel. Bazan v. Hidalgo Cty., 246 F.3d 481, 487-88 (5th Cir. 2001);* citing *Gutierrez v. City of San Antonio*, 139 F.3d 441, 446 (5th Cir. 1998).

64. The Fifth Circuit went on to explain that, "[w]e therefore analyze whether, taking the evidence in the light most favorable to Plaintiffs, the level of force the Officers used was unreasonably excessive to the needs of the situation, *see Graham v. Connor,* 490 U.S. 386, 389, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), including whether the Officers unreasonably and

unnecessarily employed deadly force against [the defendant]. *Aguirre*, 995 F.3d at 407; *see Gutierrez*, 139 F.3d at 446.

65. The Supreme Court held in *Scott* that there is no "magical on/off switch that triggers rigid preconditions whenever an officer's actions constitute 'deadly force,'" and such claims are broadly analyzed under the same general rubric of "reasonableness" as other excessive force claims. *Aguirre*, 995 F.3d at 412-13; quoting *Scott,* 550 U.S. at 382-83, 127 S.Ct. 1769.

66. At bottom, the Court held, a Fourth Amendment challenge to deadly force still calls for a "balanc[ing of the] nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Id.*

67. The Fifth Circuit continued, "[n]evertheless, we have long held that the use of 'deadly force' is unreasonable where the officer does not have 'probable cause to believe that the suspect pose[d] a threat of serious physical harm, either to the officer or to others,' *Gutierrez*, 139 F.3d at 446 (quoting *Garner*, 471 U.S. at 11, 105 S.Ct. 1694), and we know of no case that has departed from this basic principle." *Aguirre*, 995 F.3d at 412–13.

68. Because Mr. Robinson was not posing an immediate threat to Defendant Smith or any other person it was clearly established that Defendant Smith's actions were a violation of the Fourth Amendment. *Gutierrez*, 139 F.3d at 446,

69. The test of reasonableness under the Fourth Amendment requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989).

70. When Defendant Smith intentionally struck Mr. Robinson with his department issued vehicle, Robinson was not holding a weapon as he did not have anything in either of his hands and he did not display a weapon.

71. When Defendant Smith intentionally struck Mr. Robinson with his department issued vehicle, Robinson had not threatened Defendant Smith or any other person as Robinson fled in the opposite direction of Defendant Smith during the entire pursuit.

72. When Defendant Smith struck Mr. Robinson with his department issued vehicle, Robinson, Robinson not suspected of committing a violent or assaultive crime.

73. Intentionally striking Mr. Robinson constituted the use of deadly force.

74. While the use of some force was justified in detaining Mr. Robinson, the use of deadly force was not justified at the time that Defendant Smith struck Mr. Robinson twice with his department issued vehicle.

75. Defendant Smith was not aware of any facts which justified the use of deadly force against Mr. Robinson when he used his department issued vehicle to intentionally strike Robinson.

76. Defendant Smith was acting under color of law, as he was on duty as a deputy with the Bexar County Sheriff Department driving his department issued vehicle, in full uniform, detained Mr. Robinson, and then arrested him.

## V.
## PUNITIVE DAMAGES

77. Mr. Robinson repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

78. When viewed objectively from the standpoint of Defendant Smith, at the time of the occurrence, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

79. As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Defendant Smith which was recklessly or callously indifferent to Mr. Robinson's constitutionally protected rights, Mr. Robinson is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## DAMAGES

80. Mr. Robinson repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

81. Mr. Robinson's injuries were a foreseeable event.

82. Mr. Robinson's injuries were directly and proximately caused by the use of excessive deadly force against Mr. Robinson.

83. As a result, Mr. Robinson is entitled to recover all actual damages allowed by law. Mr. Robinson contends the Defendant's conduct constitutes malice, evil intent, or reckless or callous indifference to Mr. Robinson's federally protected rights. Thus, Mr. Robinson is entitled to punitive damages against Defendant Smith.

84. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Mr. Robinson was forced to suffer:

    a. Emotional distress, torment, and mental anguish;
    b. Physical injuries;
    c. Physical pain and suffering; and
    d. Permanent physical disfigurement;

85. Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and hereby requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEY'S FEES

86.  If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

87.  Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

/s/ *Breanta Boss*
BREANTA BOSS
Texas Bar No. 24115768

/s/ *Scott H. Palmer*
SCOTT H. PALMER
Texas Bar No. 00797196

*/s/James P. Roberts*
JAMES P. ROBERTS
Texas Bar No. 24105721

SCOTT H. PALMER, P.C.
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
breanta@scottpalmerlaw.com
scott@scottpalmerlaw.com
james@scottpalmerlaw.com